JOHN W. WILLIAMS *vs.* RICHARD H. HALL.—*December* 1850.

A holder of a note which had been duly protested, and the liability of the endorser fixed by due notice, agreed with the maker to divide the amount of the note into three sums, for each of which a draft was to be drawn by the endorser upon the maker, in favor of the holder, payable on time, on the receipt of which drafts, accepted by the maker, the holder agreed to deliver up the note to be cancelled. The endorser assented to this agreement, and signed the drafts which were sent to him by the maker by whom they were subsequently accepted and delivered to the clerk of the holder, who (the clerk) thereupon informed the maker he could have the note whenever he called for it. Afterwards the holder finding that these drafts were not on stamped paper, informed the maker of the note of this fact, and told him he should expect other drafts, but gave no such notice to the endorser. No other drafts were given, and the note was never delivered up. HELD:

That the delivery of these unstamped drafts by the maker to the clerk of the holder, was not such a performance of the agreement as to discharge the endorser from liability on the note.

It was not, under this agreement, the duty of the holder to have the drafts stamped after they came to his possession, by complying with the provisions of the act of 1844, ch. 28, sec. 8.

APPEAL from *Anne Arundel* county court.

This was an action of *assumpsit* brought by the appellee as holder, against the appellant, as endorser of the promissory note referred to in the opinion. The plea was *non assumpsit*. All the facts of the case are fully stated in the opinion of this court. The verdict and judgment was for the plaintiff, and the defendant appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

STOCKETT and ALEXANDER, for the appellant, insisted : 1st. That the note was satisfied by the agreement between the plaintiff and *Selby*, the maker of the note, and the drafts substituted in its stead. 2nd. That the omission to have the drafts stamped, was the neglect of the appellee, for which the

appellant was in nowise responsible.    3rd.  That failure of the appellee to make demand and give notice of the non-payment of the drafts, discharged the appellant from all liability on account of the same.

PRATT, for the appellee, insisted that the drafts being void at law, did not discharge the appellant of his liability on the note.

SPENCE, J., delivered the opinion of this court.

This is an action of *assumpsit*, brought by the appellee against the appellant, to recover from him on his endorsement of a certain promissory note to the appellee, of *John S. Selby*, for $332.61, dated the 29th of October, 1844, and payable six months after date.   The note not having been paid at maturity, was protested, and due *notice of protest served on the appellant*.

Afterwards an agreement was made between the appellee and *John S. Selby*, that said note should be divided into three parts, and for each of which drafts should be drawn by the appellant on said *Selby*, in favor of the appellee, dated the 15th of January, 1846, one for $119.71, at four months; one for $120.34, at six months; and the other for $121.29, at eight months; and that on the receipt of said drafts by the appellee, accepted by said *Selby*, the said promissory note should be delivered up to the said *Selby*, to be cancelled.   To this agreement the appellant assented, and on the receipt of said drafts with the statement from the appellee, the appellant signed them and sent them to *Selby* for his acceptance thereof, which was done by said *Selby*, and by him delivered to appellee through his clerk, who informed *Selby* he could have said promissory note whenever he would call for it.   *Selby* failed to call for said note, and the same continued in the possession of the appellee.   Afterwards, the appellee informed said *Selby* that said drafts were not stamped, and that he should expect other drafts, but no such notice was ever given to the appellant, nor was payment of said drafts, or either of them, ever

demanded by said appellee of said *Selby*, or notice of their non-payment ever given to the appellant.

On the trial of this cause, the plaintiff prayed the court to instruct the jury, that if they believed the facts given in evidence by the plaintiff to be true, then the evidence offered by the defendant, if believed by the jury to be true, constituted no bar to the plaintiff's right to recover in this action.

Our inquiry now is, was there error in the direction given to the jury by the court? The appellant's indebtedness was fixed by the demand, proof of notice, and protest. Was this indebtedness on the part of the appellant discharged by virtue of the agreement entered into by the appellee with *John S. Selby*, as given in evidence on the trial?

This brings us to the consideration of the agreement, what was done under it, and the legal effect of what was done.

We have said that the indebtedness of the appellant had been fixed before the agreement set up. By the agreement the amount of the note was to be divided into three separate sums, and drafts to be given for each sum, one at four, one at six, and the third at eight months. Thus, by this agreement, time was given to the debtors, and no additional security to the creditor.

This case was argued upon the hypothesis, that these three drafts were legal in point of form; we shall not consider them in that character, but treat the drafts as we find them in the record. Did the receipt of these unstamped drafts discharge the appellant from his liability on the note in this suit? We think not. When delivered to the appellee's agent, they were in their then condition of no value, and the appellee might consider them as waste paper. Under the act of 1844, ch. 280, sec. 8, they were invalid, and unavailable for any purpose.

But the argument for the appellant insists, that the duty and obligation rested on the appellee to have these drafts stamped after they came to his hands, and after they had been excuted. To have done so, the appellant must have taken the oath and paid the ten dollars for each, as provided by the act of 1844, ch. 280, sec. 8. Is this the legal and reasonable interpreta-

tion of the alleged agreement between *Hall* and *Selby*, that *Hall* would cancel and deliver up a debt of unquestionable validity, for three drafts, which were invalid and unavailable in law, unless at a cost to *Hall* of more than eight per cent. on the whole debt?

Such an interpretation would be not only contrary to equity, but to all the rules which govern in the interpretation of the acts and agreements of men. It would be to stultify one of the parties, and make the other a cheat. We can consider this agreement in no other sense than that the creditor was to give time, and to relinquish his evidence of a valid debt, upon receipt of other evidences of the debt equally valid in law, with time, as agreed between them.

It is therefore the opinion of this court, that the delivering of these drafts by *Selby* to the agent of *Hall*, was not such a performance of the spirit and intention of the agreement on his part, as discharged the appellant from his liability in this suit, and that the instruction of the court was correct.

JUDGMENT AFFIRMED,